T.C. Memo. 2005-171


UNITED STATES TAX COURT


SYLVIA A. DUNCAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 329-04.            Filed July 12, 2005.


Sylvia A. Duncan, pro se.

<u>Daniel N. Price</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $2,251 in petitioner's Federal income tax for 2001.  The issues for decision are:

(1) Whether the unpaid balance of a loan taken by petitioner from her qualified retirement plan in 2000 should be deemed a

taxable distribution to petitioner in 2001 that is subject to the 10-percent additional tax under section 72(t) and, if so,

(2) whether petitioner's medical expenses incurred in 2000 and 2001 can be applied to reduce the taxable amount of the distribution.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in San Antonio, Texas, at the time that she filed her petition.

Petitioner was employed by United Services Automobile Association (USAA) until December 26, 2000. During her employment with USAA, petitioner contributed to USAA's section 401(k) plan, the USAA Savings and Investment Plan (USAA SIP). On October 1, 2000, petitioner's balance in her USAA SIP account was $20,919.05.

On October 23, 2000, petitioner borrowed $10,400 from her USAA SIP account. This loan was documented by an agreement entitled "Savings and Investment Plan Truth in Lending Disclosures/Promissory Note" (loan agreement). Petitioner

granted to USAA a security interest in her vested USAA SIP account balance to the extent necessary to secure the loan.

The loan agreement provided:

Payroll Deduction Authorization
I authorize USAA to institute continuing payroll deductions in the full amount of each installment of principal and interest payable on this note until the loan is repaid in full.  I understand that principal and interest payments shall be due and payable at the end of each payroll period throughout the term of the loan.  * * *  If my employment with USAA ends, then the unpaid balance of the loan plus any interest as of my last day of employment shall become due and payable immediately.  * * *

     *     *     *     *     *     *     *

Separation From Service
I understand that after I separate from service, I have 90 days to repay my outstanding loan balance plus any interest as of my last day of employment.  Also, I understand that if I do not make such repayment within 90 days after my separation from service, the accounts in which I have given a security interest will be permanently reduced by the amount of the outstanding loan and will be treated for all purposes as a distribution to me.  I also understand that the outstanding balance may be taxable income to me.

On December 21, 2000, petitioner was paid for the period from December 3 through 16, the last period paid in 2000.  In accordance with the loan agreement, $122.67 was withheld from her pay as a payment on the loan.  On December 26, 2000, petitioner's employment with USAA was terminated.  On January 2, 2001, petitioner was paid for the period from December 17, 2000, through her termination date of December 26, 2000.  The $122.67 loan payment was not deducted from her pay for this period

because the net pay due to petitioner was only $34.93. Petitioner received a Form W-2, Wage and Tax Statement, from USAA reflecting the January 2 payment as income for 2001.

In a statement dated January 16, 2001, USAA informed petitioner that she had a vested balance of $11,929.32 and an outstanding loan of $10,480.27 in her USAA SIP account as of that date. Petitioner was informed that she had to pay her outstanding loan balance by April 17, 2001, or it would be considered in default and subject to Federal and/or State income taxes. Petitioner was also informed that a 10-percent penalty might apply. Petitioner did not pay the outstanding loan balance.

As of March 31, 2001, petitioner had received a distribution payment of $11,961.16 from her USAA SIP account, less $4,487.24 withheld for Federal income taxes. The balance of petitioner's USAA SIP account, $10,480.27, was applied to her outstanding loan balance. USAA reported this transaction to petitioner and to the Internal Revenue Service (IRS) on a Form 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2001 as a taxable distribution of $22,441.43 to petitioner.

Petitioner reported the USAA SIP distribution on her Form 1040, U.S. Individual Income Tax Return, for 2001. The IRS

determined that petitioner owed a 10-percent additional tax on the early distribution from the USAA SIP.

OPINION

Section 402(a) provides generally that distributions from a qualified plan are taxable to the distributee, in the taxable year of the distributee in which distribution occurs, pursuant to section 72. The amount of a distribution to a taxpayer from a qualified pension plan generally includes the proceeds of any loan from the plan to the taxpayer. See Scott v. Commissioner, T.C. Memo. 1997-507, affd. without published opinion 182 F.3d 915 (5th Cir. 1999); Murtaugh v. Commissioner, T.C. Memo. 1997-319.

Section 72(p)(1)(A) provides: "If during any taxable year a participant or beneficiary receives (directly or indirectly) any amount as a loan from a qualified employer plan, such amount shall be treated as having been received by such individual as a distribution under such plan." Section 72(p)(2) provides an exception to this general rule. The exception will apply and the loan will not be treated as a taxable distribution if: (1) The principal amount of the loan (when added to the outstanding balance of all other loans from the same plan) does not exceed a specified limit; (2) the loan, by its terms, must be repaid within 5 years from the date of its inception or is used to finance the acquisition of a home that is the principal residence of the participant; and (3) the loan must have substantially

level amortization with quarterly or more frequent payments required over the term of the loan.  Sec. 72(p)(2)(A) to (C).  A loan from a qualified employer plan no longer satisfies the requirement of section 72(p)(2)(C) when the participant fails to make a loan payment either on the date that it is due or within the allowed grace period.  See, e.g., Molina v. Commissioner, T.C. Memo. 2004-258; see also Estate of Gray v. Commissioner, T.C. Memo. 1995-421.

Petitioner argues that the amount of the USAA SIP account applied to her outstanding loan balance should be deemed a distribution in 2000, the year that the loan was made, as opposed to 2001.  Petitioner's loan satisfied the requirements of section 72(p)(2) at the time that it was made and throughout 2000.  Thus, the loan was not treated as a distribution in 2000.  When petitioner failed to repay the loan in 2001 under the terms of the loan agreement, the application of her USAA SIP account balance to the loan discharged her debt and became a taxable distribution to her in 2001.

Section 72(t) provides for a 10-percent additional tax on early distributions from a qualified retirement plan for the taxable year in which the distribution is received.  The 10-percent additional tax, however, does not apply to certain distributions.  Section 72(t)(2) sets forth specific exemptions.  Section 72(t)(2)(B) provides that the additional tax shall not

apply to distributions made to employees "to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year)." The deduction allowed under section 213(a) is for "the expenses paid during the taxable year * * * for medical care * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income."

Petitioner argues that her medical expenses for 2000 and 2001 should be applied to reduce the taxable amount of the distribution. The clear language of section 72(t)(2)(B) limits the scope of the exemption to the amount of deductible medical expenses "paid during the taxable year" of the distribution. Thus, the section 72(t)(2)(B) exemption does not apply to the medical expenses that petitioner paid in 2000 because the taxable year of the early distribution from her USAA SIP account was 2001.

To reflect the foregoing and the parties' agreement as to the amount of petitioner's allowable 2001 medical expenses,

Decision will be entered
under Rule 155.