**Kenneth W. GRAVES; Fayetta Graves, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 04–75843.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007.[*]

Filed Feb. 8, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Kenneth W. Graves, San Dimas, CA, pro se.

J. Jay Chang, Esq., Diamond Bar, CA, for Petitioners.

Fayetta Graves, San Dimas, CA, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Bruce Ellisen, Esq., Randolph L. Hutter, Attorney, DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: FERGUSON, SILER,** and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Kenneth Graves ("Graves") was the sole shareholder and a salaried employee-manager of KPS Trucking Co., Inc. ("KPS"). When KPS experienced financial difficulties, Graves loaned KPS a total of $86,040 from his personal funds. The loan was never repaid and became worthless when KPS went bankrupt and its debts were fully discharged. The issue before us is whether the Tax Court erred in categorizing Graves's loss as a business debt incurred in his trade or business of being an employee under I.R.C. §§ 62(a)(1), 63(d)(1), 67, and 166(a).

█ The Tax Court's legal categorization was based on its factual finding—taken directly from Graves's own stipulation—that the loans "were made in [Graves's] trade or business of being an

Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

employee." This finding was not clearly erroneous:[1] Graves was a salaried employee of KPS and agreed that his purpose in lending KPS $86,040 was to enable him to "maintain his employment with KPS."

Accordingly, the Tax Court correctly concluded that Graves's loss must be treated as a business debt incurred in his trade or business of being an employee and that Graves was, therefore, permitted to deduct the $86,040 as an itemized deduction subject to the 2% floor applicable to such deductions. *See* I.R.C. §§ 62(a)(1), 63(d)(1), 67, 166(a); *United States v. Generes*, 405 U.S. 93, 101, 92 S.Ct. 827, 31 L.Ed.2d 62 (1972).[2]

**AFFIRMED.**

---

1. "The Tax Court's findings of fact are reviewed for clear error." *Charlotte's Office Boutique, Inc. v. CIR*, 425 F.3d 1203, 1211 (9th Cir.2005).

2. Even if the Tax Court had credited Graves's testimony and found that his "dominant motivation" in making the loans was to "meet his corporate obligations" as KPS's owner and to "maintain[ ] the business [to] protect[ ] his investment in KPS," *Betson v. CIR*, 802 F.2d 365 (9th Cir.1986), would foreclose Graves's argument that such a motivation would entitle him to fully deduct the bad debt from his adjusted gross income. *See id.* at 368 ("Pay-

ments made ... with the purpose of keeping in business a corporation in which the taxpayer holds [a stockholder] interest are not deductible."). Indeed, once a taxpayer incorporates his personal business, he no longer engages in that trade or business; rather, the "trade or business" now belongs to the corporate entity, not the individual taxpayer. *See Whipple v. CIR*, 373 U.S. 193, 202, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963); *Shore v. CIR*, 631 F.2d 624, 627 (9th Cir.1980).

