T.C. Summary Opinion 2008-140

UNITED STATES TAX COURT

BERNARD W. EVERS AND DEBORAH L. EVERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3151-07S.                    Filed November 3, 2008.

Bernard W. Evers, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision
to be entered is not reviewable by any other court, and this
opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.

After concessions, the issue for decision is whether petitioners are eligible for the exception, under section 72(t)(2)(B), to the 10-percent additional tax on an early withdrawal from petitioners' qualified retirement account in 2004, which was used to repay a loan they had obtained to pay medical expenses in 2003.

## Background

Some of the facts have been stipulated and are so found. At the time their petition was filed, petitioners resided in Ohio.

Petitioners are husband and wife. In 2003 petitioners borrowed $15,000 from APCI Federal Credit Union (APCI) to pay expenses incurred for the treatment of infertility.[2] Petitioners used part of the proceeds from the loan to pay medical expenses of $12,010[3] during 2003 to the Family Fertility Center for in vitro fertilization procedures.

---

[2] Respondent conceded on brief that the expenses petitioners incurred for in vitro fertilization procedures were medical expenses.

[3] On the basis of the Transactional Journal from the Family Fertility Center, respondent agrees that petitioners paid medical expenses of $11,980 in 2003. Likewise, respondent agrees that petitioners paid $110 of medical expenses in 2004. The Transactional Journal from the Family Fertility Center, however, clearly indicates that petitioners paid $12,010 in 2003 and $80 in 2004. There is no explanation in the record as to the method the parties used to make their calculations.

In 2004 petitioners withdrew $16,250 from their qualified retirement account with Cooper Cameron Corp. to repay the loan from APCI. Section 72(t) generally provides for a 10-percent additional tax on withdrawals from qualified retirement plans made before the employee attains age 59-1/2. Petitioners did not contend that they met this age requirement. Petitioners paid $13,000 of the $16,250 withdrawal to APCI in partial satisfaction of their loan. Petitioners' decision to prematurely withdraw funds from their qualified retirement account to repay APCI was made under the belief that they would qualify for an exception to the 10-percent additional tax under section 72(t) because they were using the withdrawn funds to repay the loan which had been acquired to pay medical expenses.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2004. They reported total income of $104,713. Petitioners properly included the $16,250 distribution in their total reported income but did not include the corresponding section 72(t) 10-percent additional tax as part of their taxes owed.

On November 6, 2006, respondent sent to petitioners a notice of deficiency in which he determined a deficiency in petitioners' 2004 Federal income tax of $2,487. Respondent's determination indicated that petitioners' 2004 Form 1040 failed to include: (1) Interest received from APCI of $35, reported to respondent on

Form 1099-INT, Interest Income; (2) unemployment compensation from the Commonwealth of Pennsylvania of $3,429 and tax withholding of $342, reported to respondent on Form 1099-G, Certain Government Payments; and (3) the 10-percent additional tax of $1,625 under section 72(t) for a premature distribution from their qualified retirement plan with Cooper Cameron Corp., reported to respondent on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

Petitioners petitioned the Court for redetermination of the deficiency, contending that: (1) They did not receive a Form 1099-INT from APCI; (2) they did not have unemployment compensation in 2004 and did not receive the Form 1099-G from the Commonwealth of Pennsylvania; and (3) they are eligible for the section 72(t)(2)(B) exception to the 10-percent additional tax because the $16,250 distribution from their qualified retirement account was used to cover medical expenses.

At trial petitioners conceded issues (1) and (2). The only issue remaining for us to decide is whether petitioners are eligible for the section 72(t)(2)(B) exception to the 10-percent additional tax under section 72(t) for the $16,250 early withdrawal from their qualified retirement account with Cooper Cameron Corp.

## Discussion

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans.  The fact that petitioners' distribution was early is not in dispute.  The issue is whether petitioners qualify for the section 72(t)(2)(B) exception to the 10-percent additional tax.

Section 72(t)(2)(B) provides that the imposition of the additional tax under section 72(t)(1) shall not apply to:

> Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year).

Section 213 provides a deduction for expenses paid during the taxable year, not compensated by insurance or otherwise, for medical care of the taxpayer, his spouse or a dependent, to the extent that such expenses exceed 7.5 percent of the taxpayer's adjusted gross income.  The medical expense deduction under section 213 is allowable only with respect to medical expenses actually paid during the taxable year, regardless of when the incident or event which occasioned the expenses occurred and regardless of the method of accounting employed by the taxpayer in making his income tax return.  See sec. 1.213-1(a)(1), Income Tax Regs.  In other words, it is the time of payment that determines the year of the deduction.  Granan v. Commissioner, 55 T.C. 753, 755 (1971).

Petitioners contend that because $13,000 of the early distribution from their qualified retirement account was used to repay a portion of the borrowed funds that were used to pay their 2003 medical expenses, the partial repayment of the loan in 2004 should be considered tantamount to direct payments of medical expenses in 2004.  Respondent disagrees and contends that the section 72(t)(2)(B) exception could apply only with respect to medical expenses actually paid in 2004.  Respondent contends that $12,010 of medical expenses was "paid" in 2003 with the borrowed funds, not in 2004 when the loan was partially repaid with the funds distributed from petitioners' qualified retirement account, and that the medical expenses actually paid in 2004 fall well short of 7.5 percent of petitioners' 2004 adjusted gross income. See sec. 213.

The clear language of section 72(t)(2)(B) limits the scope of the exception to the amount of deductible medical expenses "paid during the taxable year" of the distribution.  Duncan v. Commissioner, T.C. Memo. 2005-171.  This exception does not apply to the medical expenses that petitioners paid in 2003 because the taxable year of the early distribution was 2004.  See id.  The small amount of medical expenses actually paid in 2004 is not deductible because it does not exceed 7.5 percent of petitioners' adjusted gross income.  See sec. 213(a).  We conclude that petitioners are not eligible for the section 72(t)(2)(B)

exception to the 10-percent additional tax on the early distribution from their qualified retirement plan in 2004. Although we are sympathetic to petitioners' situation, we cannot ignore the plain language of the statute.

To reflect the foregoing,

Decision will be entered

for respondent.