T.C. Summary Opinion 2009-130

UNITED STATES TAX COURT

KENNETH JAMES HOPSON AND LINDA S. HOPSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25584-08S.                    Filed August 25, 2009.

Kenneth James Hopson and Linda S. Hopson, pro sese.

Katherine Lee Kosar, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax of $21,954, as well as an accuracy-related penalty under section 6662(a) of $1,956, for 2006.

Petitioners concede that they are liable for the deficiency in income tax as determined by respondent.[2]  Thus, the only issue for decision is whether petitioners are liable for the accuracy-related penalty.  We hold that they are.

#### Background

None of the facts have been stipulated by the parties. Petitioners resided in the State of Ohio when the petition was filed.

In 2006 petitioner, Kenneth James Hopson (Mr. Hopson), received distributions from two accounts with the Ohio Public Employees Retirement System of $42,501 and $18,381, for a total of $60,882.  The funds were attributed to Mr. Hopson's employment with the State of Ohio and the City of Cleveland.  Mr. Hopson is no longer employed with the State or city; he requested a full

---

[2]  Respondent acknowledges that petitioners are entitled to a credit of $12,176, which amount represents withholding that was not claimed by petitioners on their return.  However, we note that the determination of a statutory deficiency does not take such withholding into account.  See sec. 6211(b)(1).  Such withholding, however, does reduce the underpayment upon which the accuracy-related penalty is based.  See sec. 6664(a)(1)(B); sec. 1.6664-2(d), Income Tax Regs.

distribution of the account values in order to satisfy a home equity loan and pay off credit card debt. Before these distributions Mr. Hopson had not received any payments from these accounts, and he will not receive any future payments because the accounts now have zero balances. Mr. Hopson received a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for each of the distributions.

Petitioners prepared their tax return for 2006 using tax return preparation software. Mr. Hopson usually takes the lead on tax return preparation and has been using tax return preparation software since the 1980s to prepare returns. He completed the software's interview process, which required him to enter the information necessary to generate the return. During this process Mr. Hopson did not enter the information from the Forms 1099-R. He stated that he knew petitioners received the income, but he inadvertently omitted it from the return. The software program ran an error check of the information entered by Mr. Hopson and did not detect any mistakes. The software generated a joint Federal income tax return that Mr. Hopson printed, but neither he nor Mrs. Hopson reviewed it for accuracy. The return was timely filed with the IRS, listing petitioners' total income as $88,488 and total tax of $6,515.

## Discussion

Section 6662(a) and (b)(2) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to a substantial understatement of income tax.[3] An understatement of income tax is "substantial" if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The term "understatement" means the excess of the tax required to be shown on the return over the tax actually shown on the return. Sec. 6662(d)(2)(A).

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for the understatement and that the taxpayer acted in good faith with respect to that portion.[4] Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income

---

[3] In the notice of deficiency respondent determined the accuracy-related penalty on the basis of sec. 6662(d), a substantial understatement of income tax. At trial respondent argued that petitioners were also negligent. The record makes clear that respondent determined the penalty on the basis of sec. 6662(d), and a determination of a substantial understatement is sufficient to impose the penalty. See sec. 6662(b); Fields v. Commissioner, T.C. Memo. 2008-207. Therefore, we need not examine the negligence issue.

[4] The substantial authority and adequate disclosure provisions of sec. 6662(d)(2)(B) do not apply to the facts before us.

Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability for such year.  Id.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The Commissioner may satisfy his burden of production for the accuracy-related penalty on the basis of a substantial understatement of income tax by showing that the understatement on the taxpayer's return satisfies the definition of "substantial".  E.g., Graves v. Commissioner, T.C. Memo. 2004-140, affd. 220 Fed.Appx. 601 (9th Cir. 2007); Janis v. Commissioner, T.C. Memo. 2004-117, affd. 461 F.3d 1080 (9th Cir. 2006), affd. 469 F.3d 256 (2d Cir. 2006).  Respondent satisfied his burden of production because the record demonstrates that petitioners failed to include the distributions in their gross income, thereby causing petitioners to substantially understate

their income tax for 2006, i.e., the understatement of $21,954 exceeds the greater of 10 percent of the tax required to be shown on the return (i.e., $2,847) or $5,000. See sec. 6662(d)(1)(A); Higbee v. Commissioner, supra at 447-449. Accordingly, petitioners bear the burden of proving that the accuracy-related penalty should not be imposed. See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446.

Petitioners have not met their burden of persuasion with respect to reasonable cause and good faith. Mr. Hopson admitted that he received both Forms 1099-R for the distributions and that he knew they constituted income. After using tax return preparation software for nearly 20 years, he simply filed the return that was generated by the software without reviewing it. The omission of the distributions resulted in the failure to report over 40 percent of petitioners' total income for the year. Granted this was a one-time event, but petitioners nevertheless had a duty to review their return to ensure that all income items were included. See Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981). Petitioners were not permitted to bury their heads in the sand and ignore their obligation to ensure that their tax return accurately reflected their income for 2006. In the end, reliance on tax return preparation software does not excuse petitioners' failure to review their 2006 tax return.

Under the facts and circumstances, we are unable to conclude that petitioners acted with reasonable cause and in good faith within the meaning of section 6664(c)(1).  Accordingly, petitioners are liable for the accuracy-related penalty under 6662(a) as determined by respondent in the notice of deficiency.

## Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.