T.C. Summary Opinion 2011-16

UNITED STATES TAX COURT

PAULETTE A. AND MATTHEW D. MALENA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29211-09S.          Filed February 24, 2011.

Paulette A. Malena, pro se.

Christopher A. Pavilonis, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $15,743, as well as a section 6662(a) accuracy-related penalty of $3,132.

After the dismissal of petitioner Matthew D. Malena,[2] the issues for decision are:

(1) Whether petitioner Paulette A. Malena (petitioner) received unreported income, principally in the form of a taxable distribution under section 72(p) related to a defaulted loan;

(2) whether petitioner is entitled to a mortgage interest deduction on Schedule A, Itemized Deductions, greater than that allowed by respondent in the notice of deficiency;

(3) whether petitioner is entitled to a medical expense deduction greater than that claimed by her on her return as filed;

(4) whether petitioner is liable for a 10-percent additional tax under section 72(t) by virtue of a taxable distribution under section 72(p); and

---

[2] Petitioner Matthew D. Malena, a resident of the State of Florida at the time that the petition was filed, did not execute the stipulation, nor did he appear at trial. Accordingly, the Court granted respondent's motion to dismiss this case as to him for lack of prosecution. See Rule 123(b). However, the decision to be entered against petitioner Matthew D. Malena will be consistent with the decision to be entered against petitioner Paulette A. Malena as to the deficiency in tax and the accuracy-related penalty. See Rule 123(d).

(5) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Florida when the petition was filed.

Petitioner and Mr. Malena (husband) fell on hard times in 2007 caused by the combination of petitioner's poor health and her husband's losing his job.

Petitioner suffered from several maladies. She saw multiple medical specialists and took costly prescription drugs. To ease the financial burden of petitioner's medical issues, petitioner's husband borrowed $32,075 from his section 401(k) plan (401(k)) in March 2007. Later that year, petitioner's husband was let go from his job, and he defaulted on the loan, at which time the outstanding balance was $29,143.

Petitioner and her husband filed a joint Federal income tax return for 2007. On the return, petitioner did not report the defaulted loan of $29,143 from her husband's 401(k).

Petitioner attached to her joint return for 2007 a Schedule A. On the Schedule A, petitioner claimed deductions for, inter

alia, home mortgage interest of $54,356 and medical expenses of $27,008.[3]

Relying on various Forms 1099 from third-party payors, including petitioner's husband's former employer, respondent determined in the notice of deficiency that petitioner failed to report the aforementioned defaulted loan, as well as a class action lawsuit recovery of $883, unemployment compensation of $825, dividends of $13, and interest income of $10.

Relying on various Forms 1098, Mortgage Interest Statement, from third-party lenders, respondent also determined in the notice of deficiency that petitioner paid mortgage interest of $36,829 and therefore disallowed $17,527 of the amount claimed on Schedule A, $54,356.  In contrast, respondent did not disallow any part of petitioner's deduction for medical expenses other than to adjust the amount of the deduction in order to reflect the increase in petitioner's adjusted gross income.  See sec. 213(a).

Finally, respondent determined in the notice of deficiency that petitioner was liable for (1) a 10-percent additional tax under section 72(t) in respect of the defaulted loan from her husband's 401(k) and (2) an accuracy-related penalty under section 6662(a).

---

[3]  As required by sec. 213(a), petitioner reduced the $27,008 amount by 7.5 percent of adjusted gross income.

## Discussion

### A. Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Pursuant to section 7491(a)(1), the burden of proof as to factual matters may shift from the taxpayer to the Commissioner under certain circumstances. Petitioner did not allege that section 7491 applies, nor did she introduce the requisite evidence to invoke that section. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof.[4] See Rule 142(a).

### B. Unreported Income

Gross income includes all "'accessions to wealth, clearly realized, and over which the taxpayers have complete dominion.'" James v. United States, 366 U.S. 213, 219 (1961) (quoting Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

---

[4] Insofar as the sec. 72(t) issue (discussed infra in the text) is concerned, we note that regardless of whether the additional tax under that section is a penalty or an additional amount to which sec. 7491(c) applies, and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has satisfied any burden of production with respect to the distribution. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

We begin with the loan from petitioner's husband's 401(k), as that loan gives rise to the most significant of respondent's income determinations.

Section 402(a) provides generally that distributions from a qualified plan are taxable to the distributee in the taxable year in which the distribution occurs, pursuant to the provisions of section 72. A plan such as petitioner's husband's 401(k) constitutes a qualified plan. We turn therefore to section 72.

Under the general rule of section 72(p)(1)(A), the making of a loan from a qualified plan gives rise to a deemed distribution that is taxable in the year in which the loan is received. See sec. 72(p)(4)(A)(i)(I). See generally Owusu v. Commissioner, T.C. Memo. 2010-186; Plotkin v. Commissioner, T.C. Memo. 2001-71. However, section 72(p)(2)(A) provides an exception to the general rule for certain loans.

Although a loan may initially satisfy the requirements of section 72(p)(2)(A) at the time that it is made and thus be excepted from the general rule of section 72(p)(1)(A), a deemed distribution may nevertheless occur subsequently because of the failure to repay the loan consistent with the loan agreement, e.g., because of the failure to amortize the loan on a substantially level basis. Sec. 72(p)(2)(C). Accordingly, if a default occurs, a distribution is deemed to occur at that time in

the amount of the then outstanding balance of the loan.  Owusu v. Commissioner, supra; Plotkin v. Commissioner, supra.

In the present case, there is no dispute that petitioner's husband defaulted on the 401(k) loan in 2007.  The record demonstrates that the balance due at the time of the default was $29,143.  Thus, pursuant to section 72(p)(1)(A), a distribution is deemed to have been made at such time and in such amount, and, pursuant to section 402(a), the distribution is taxable.

Regarding the more modest items of income that respondent determined were not reported, petitioner essentially conceded their inclusion in income, as she did not address the issue at trial.[5]

In view of the foregoing, respondent's income determinations are sustained.

C.  Deduction for Home Mortgage Interest

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his or her entitlement to them.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  The taxpayer also bears the burden of substantiating claimed deductions.  Sec. 6001; Hradesky v.

---

[5]  Indeed, petitioner expressly conceded in the petition that unemployment compensation of $825 and interest income of $10 were "owed".

Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A deduction is allowed for any qualified residence interest. Sec. 163(h)(2)(D). Deductible interest includes interest from both acquisition and home equity indebtedness. Sec. 163(h)(3).

Petitioner claimed a mortgage interest deduction of $54,356 on her return. At trial, petitioner made no argument and provided no substantiation for the portion thereof that respondent disallowed ($17,527).

In view of the foregoing, we sustain respondent's determination that petitioner is entitled to a mortgage interest deduction of only $36,829.

D. Deduction for Medical Expenses

On her return, petitioner claimed a deduction for medical expenses of $27,008 (prior to application of the 7.5 percent floor prescribed by section 213(a)). In the notice of deficiency, respondent did not disallow any part of this deduction other than to adjust it in order to reflect the increase in petitioner's adjusted gross income. See sec. 213(a).

At trial, petitioner argued that she incurred additional medical expenses in 2007 and that those additional expenses would offset her unreported income, thereby reducing, if not eliminating, the deficiency in tax. However, petitioner's testimony, even in concert with the modest documentary evidence

that she introduced, is insufficient to demonstrate that she incurred medical expenses in an amount greater than $27,008, as originally claimed by her and allowed by respondent.  On this issue we therefore hold against petitioner.

E.   Additional Tax Under Section 72(t)

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of such distribution that is includable in gross income.[6]  As previously discussed, failure to make an installment payment when due in accordance with the terms of a loan from a qualified retirement plan may result in a taxable distribution.  Sec. 72(p)(1).  Accordingly, a loan balance that constitutes a taxable distribution is subject to the 10-percent additional tax under section 72(t) on early distributions.  See Owusu v. Commissioner, supra; Plotkin v. Commissioner, supra.

The additional tax under section 72(t) does not apply to certain distributions from qualified retirement plans.  The only exception relevant herein is found in section 72(t)(2)(B), which excepts from the additional tax such distributions that do not exceed the amount allowable as a deduction under section 213 for amounts paid during the taxable year for medical care.

---

[6]  Petitioner's husband's 401(k) account constitutes a qualified retirement plan for purposes of sec. 72(t).  See sec. 4974(c)(1).

In the present case, petitioner paid medical expenses of $27,008, but under section 213(a) a deduction is allowed only to the extent that the amount paid for medical care exceeds 7.5 percent of the taxpayer's adjusted gross income. Therefore, under the clear language of section 72(t)(2)(B), we hold that the portion of the defaulted loan that equals the amount of the deduction allowed for medical expenses under section 213 is excepted from the 10-percent additional tax under section 72(t); regrettably for petitioner, the balance of such loan is subject to the additional tax. See Duncan v. Commissioner, T.C. Memo. 2005-171.

In view of the foregoing, respondent's determination on this case is sustained only in part.

F. Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to a substantial understatement of income tax. An understatement is "substantial" if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The term "understatement" means the excess of the tax required to be shown on the return over the tax actually shown on the return. Sec. 6662(d)(2)(A).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an

underpayment if the taxpayer establishes that there was reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to that portion. See sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability for such year. Id.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer musts come forward with persuasive evidence that the Commissioner's determination is incorrect. See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

The Commissioner may satisfy his burden of production for the accuracy-related penalty on the basis of a substantial understatement of income tax by showing that the understatement on the taxpayer's return satisfies the definition of "substantial". E.g., Graves v. Commissioner, T.C. Memo. 2004-

140, affd. 220 Fed. Appx. 601 (9th Cir. 2007); Janis v. Commissioner, T.C. Memo. 2004-117, affd. 461 F.3d 1080 (9th Cir. 2006), affd. 469 F.3d 256 (2d Cir. 2006).

In the instant case, respondent has satisfied his burden of production because the record demonstrates the presence of a substantial understatement of income tax attributable to, inter alia, unreported income. See sec. 6662(d)(1)(A); Higbee v. Commissioner, supra at 447-449. Accordingly, petitioner bears the burden of proving that the accuracy-related penalty should not be imposed. See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446.

Insofar as the understatement of income tax is attributable to the taxable distribution under section 72(p), we conclude that there was reasonable cause for the underpayment and that petitioner acted in good faith. See sec. 6664(c)(1). The provisions of section 72(p) are highly technical and not intuitive, particularly to a taxpayer such as petitioner who, given her education and experience, did not (and could not reasonably be expected to) comprehend the tax consequences of her husband's defaulted loan. To that extent we hold that petitioner should be absolved from liability for the accuracy-related penalty. Otherwise, however, we are unpersuaded by petitioner and we therefore sustain the penalty insofar as the understatement of income tax is attributable to the other items

of unreported income and to the disallowance of the mortgage interest deduction.

Conclusion

We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed those arguments, we conclude that they do not support results contrary to those reached herein.

To reflect the foregoing,

Decision will be entered<br>under Rule 155.