T.C. Summary Opinion 2011-131


UNITED STATES TAX COURT



KURT C. OLSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11658-10S.          Filed November 23, 2011.



Kurt C. Olsen, pro se.

<u>Elizabeth K. Wickstrom</u>, for respondent.



ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $9,297 and an accuracy-related penalty under section 6662(a) of $1,859 for 2007.

After concessions by both parties, the only issue for decision is whether petitioner is liable for the accuracy-related penalty. We hold that he is not.

## Background

Some of the facts have been stipulated by the parties and they are so found. Petitioner resided in the State of California when the petition was filed.

Petitioner works as a patent attorney for the Department of Energy at a national laboratory, holds a Government security clearance, and is subject to detailed and periodic background investigations.

In 2007, petitioner's wife received interest income from a trust created by her mother's estate. The funds were attributable to litigation resolved in favor of the estate. As a beneficiary of the trust, petitioner's wife received a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., reporting the interest income. Prior to this instance, the couple had never received a Schedule K-1 and were unfamiliar with the form.

Petitioner usually takes the lead in preparing the couple's joint Federal income tax returns. He prepared the couple's joint income tax return for 2007 using tax return preparation software. Because he had never dealt with a Schedule K-1 in the past, petitioner upgraded his tax preparation software to a more sophisticated version as a precaution to ensure proper treatment of the unfamiliar form.

Using the upgraded software's interview process, petitioner correctly entered the name and tax identification number of the trust, properly reporting the source of income. While transcribing the remaining information, however, he made a data entry error that prevented the amount of interest income from being correctly displayed on Schedule E, Supplemental Income and Loss, of his Federal tax return. Petitioner reviewed the Federal tax return before filing, including using the verification features in his tax preparation software, but did not discover the error.

## Discussion

Section 6662(a) and (b)(2) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to a substantial understatement of income tax.[2] An understatement of income tax is "substantial" if the understatement exceeds the

---

[2] In the notice of deficiency respondent determined the accuracy-related penalty on the basis of sec. 6662(d), a substantial understatement of income tax.

greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The term "understatement" means the excess of the tax required to be shown on the return over the tax actually shown on the return. Sec. 6662(d)(2)(A).

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for the understatement and that the taxpayer acted in good faith with respect to that portion.[3] Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability for such year. Id.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive

_____

[3] The substantial authority and adequate disclosure provisions of sec. 6662(d)(2)(B) do not apply to the facts before us.

evidence that the Commissioner's determination is incorrect.  See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The Commissioner may satisfy his burden of production for the accuracy-related penalty on the basis of a substantial understatement of income tax by showing that the understatement on the taxpayer's return satisfies the definition of "substantial".  E.g., Graves v. Commissioner, T.C. Memo. 2004-140, affd. 220 Fed. Appx. 601 (9th Cir. 2007); Janis v. Commissioner, T.C. Memo. 2004-117, affd. 461 F.3d 1080 (9th Cir. 2006), affd. 469 F.3d 256 (2d Cir. 2006).  Respondent satisfied his burden of production because the record demonstrates that petitioner failed to include the Schedule K-1 interest income in the couple's gross income, thereby causing petitioner to substantially understate the couple's income tax for 2007.  See sec. 6662(d)(1)(A); Higbee v. Commissioner, supra at 447-449.  Accordingly, petitioner bears the burden of proving that the accuracy-related penalty should not be imposed.  See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446.  We hold that petitioner has satisfied his burden of proof.

This Court has observed that "Tax preparation software is only as good as the information one inputs into it."  Bunney v. Commissioner, 114 T.C. 259, 267 (2000).  An isolated transcription error, however, is not inconsistent with a finding

of reasonable cause and good faith.  Sec. 1.6664-4(b)(1), Income Tax Regs.

We found petitioner to be forthright and credible, and we credit his testimony at trial.  We conclude that he made an isolated error in transcribing the information from his wife's Schedule K-1 while using the tax return preparation software.[4] It is clear that his mistake was isolated as he correctly reported the source of the income, and he did not repeat any similar error in preparing his tax return.

The most important factor in deciding whether a taxpayer acted with reasonable cause and in good faith is the extent of the taxpayer's effort to assess the proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Prior to 2007, petitioner never received a Schedule K-1.  The interest income reported on the Schedule K-1 was not associated with any of petitioner's investments.  Instead, the income was derived from litigation proceeds received by his mother-in-law's estate.  Petitioner acted reasonably in upgrading his tax preparation software to a more sophisticated version in order to aid in properly reporting the income on the unfamiliar Schedule K-1 that his wife received. See Thompson v. Commissioner, T.C. Memo. 2007-174.  Petitioner

---

[4]  We note that petitioner holds a Government security clearance and is subject to periodic background investigations, which, as he is well aware, provide substantial motivation for him to properly report income on his tax return.

correctly identified the trust as the source of the interest income.  Petitioner also correctly entered the trust's tax identification number into the software program.  He did not bury his head in the sand and ignore his obligation to check the accuracy of his tax return.  Instead, petitioner reviewed the information he entered using his tax preparation software upon completion of the software's interview process.  Despite his best efforts, however, petitioner failed to discover that the amount of the interest income did not appear on the final version of his tax return that was filed.

Under the unique facts and circumstances of this case, we hold that petitioner acted with reasonable cause and in good faith within the meaning of section 6664(c)(1).  Accordingly, petitioner is not liable for the accuracy-related penalty under 6662(a) as determined by respondent in the notice of deficiency.

## Conclusion

We have considered all of the arguments made by respondent, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect our disposition of the disputed issue, as well as the parties' concessions,

Decision will be entered
under Rule 155.