T.C. Summary Opinion 2017-25

UNITED STATES TAX COURT

DRECK SPURLOCK WILSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3752-15S.                    Filed April 27, 2017.

Charles A. Ray, Jr., for petitioner.

William J. Gregg and Deborah Aloof, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2011 Federal income tax of $7,504 and an accuracy-related penalty under section 6662(a) of $1,501.  After concessions by the parties,[2] and without regard to adjustments that are essentially mechanical or in petitioner's favor, the issues for decision are:

(1) whether petitioner is entitled to a Schedule C deduction for legal and professional services expenses;

(2) whether petitioner overstated other income by $62,911 on his Schedule C; and

(3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended and in effect for 2011, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

[2] Respondent concedes that petitioner did not understate gross receipts by $1,793 on his Schedule C, Profit or Loss From Business.  Petitioner concedes that he:  (1) failed to report unemployment compensation of $19,388 and (2) is not entitled to a deduction for miscellaneous "other expenses" of $15,218 as claimed on his Schedule A, Itemized Deductions.

## Background

The evidence in this case consists of testimony, oral stipulations agreed on by the parties at trial, and documentary evidence introduced at trial.

Petitioner resided in the District of Columbia at the time that the petition was filed with the Court.

During the year in issue petitioner owned and operated a landscape design business known as Landscape Consortium, Ltd. (Landscape Consortium). Petitioner also performed services for a company known as D&E Development Corp.

Petitioner resided on Dahlia Street, N.W., in Washington, D.C. (Dahlia residence), during the year in issue and for many prior years. The Dahlia residence consisted of a kitchen, a living room, a dining room, and two or more bedrooms. At trial petitioner referred to the dining room as his "home office" for Landscape Consortium.

During the year in issue petitioner was involved in litigation regarding ownership of and possessory rights to the Dahlia residence.

Petitioner maintained a personal checking account with Capital One Bank (Capital One) during the year in issue.

Petitioner self-prepared and timely filed his 2011 Federal income tax return. Petitioner attached to his return a Schedule C for Landscape Consortium. In Part I ("Income") of his Schedule C petitioner reported gross receipts of $10,528, other income of $62,911, and gross income of $73,439, i.e., $10,528 + $62,911. In Part II ("Expenses") of his Schedule C petitioner claimed, as relevant, a deduction for legal and professional services of $4,150. Ultimately, on line 31 of his Schedule C petitioner reported a net profit of $62,035, which he then carried to line 12 ("Business income") of his Form 1040, U.S. Individual Income Tax Return. Business income of $62,035 constituted fully 70% of the total income petitioner reported on line 22 of his Form 1040.

Petitioner also attached to his 2011 income tax return a Schedule SE, Self-Employment Tax. On the Schedule SE petitioner computed self-employment tax of $7,619 on the basis of his reported net profit of $62,035. This self-employment tax constituted nearly 40% of the total tax of $19,725 that he reported on line 61 of his Form 1040.

Petitioner did not claim any payments or credits on his 2011 income tax return and thus reported $19,725 on line 76 of his Form 1040 as "Amount you owe".

After filing his 2011 income tax return petitioner submitted a series of identical amended Federal income tax returns for 2011. Petitioner attached a Schedule C for Landscape Consortium to each of the amended returns and listed thereon gross income of $10,528, total expenses of $94,142, and a net loss of $83,614, i.e., $10,528 – $94,142. Notably, petitioner excluded from the Schedules C attached to the amended returns the $62,911 of other income reported on the Schedule C attached to his original return. Notably also, petitioner increased the deduction for legal and professional services from $4,150 as claimed on the Schedule C attached to the original return to $46,912 as claimed on the Schedules C attached to the amended returns. Respondent did not accept any of the amended returns.

In November 2014 respondent sent petitioner a notice of deficiency based on petitioner's original return. As relevant, respondent disallowed the deduction claimed for legal and professional services. Additionally, respondent determined that petitioner was liable for an accuracy-related penalty under section 6662(a) on the grounds of both negligence or disregard of rules or regulations and a substantial understatement of income tax.

In response to the notice of deficiency petitioner filed a timely petition for redetermination with the Court.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

### II. Deduction Claimed for Legal and Professional Services

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his or her entitlement to them. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

A taxpayer may deduct the costs of legal and professional services if the costs are ordinary and necessary and directly connected with the taxpayer's

business. See sec. 162; Levenson & Klein, Inc. v. Commissioner, 67 T.C. 694, 719-721 (1977); sec. 1.162-1, Income Tax Regs. However, section 280A(a) disallows a deduction for business expenses with respect to the use of a dwelling unit used by the taxpayer during the taxable year as a residence, with certain exceptions. Section 280A(c)(1)(A) provides an exception to section 280A(a) for certain business use of a dwelling unit, provided that a portion of the dwelling unit is exclusively used on a regular basis as the taxpayer's principal place of business. Lofstrom v. Commissioner, 125 T.C. 271, 278 (2005).

Petitioner claimed a deduction for legal and professional services of $4,150 on the Schedule C attached to his original return.[3] Petitioner now claims that he is entitled to a deduction for legal and professional services in a much greater amount.[4] According to petitioner, he incurred expenses for legal and professional services in connection with litigation regarding the Dahlia residence. Petitioner

---

[3] Respondent concedes that petitioner substantiated $2,400 in legal and professional services paid during 2011; however, according to respondent petitioner is not entitled to the deduction because no part of this expense was incurred in connection with a trade or business. See sec. 280A.

[4] On the Schedules C attached to his amended returns petitioner claimed a deduction for legal and professional services of $46,912. However, in his posttrial brief he claimed that he was entitled to a deduction for legal and professional services in a lesser amount, i.e., $36,905.

cites United States v. Gilmore, 372 U.S. 39, 49 (1963), for the proposition that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' and hence whether it is deductible or not".  Petitioner contends that because he used his dining room in the Dahlia residence as his home office for Landscape Consortium, expenses for legal and professional services allocable to that portion of the residence constitute a deductible business expense.  Respondent contends that petitioner failed to satisfy the home office expense deduction requirements under section 280A(c)(1)(A) and therefore is not allowed to deduct any expense for legal and professional services incurred in connection with the Dahlia residence.  We agree with respondent.

We are not convinced that petitioner's dining room was exclusively used on a regular basis as the principal place of business for Landscape Consortium.  The fact that petitioner may have used the dining room for business purposes for some portion of the time is insufficient for the Court to allow any deduction attributable to that use.  See Lofstrom v. Commissioner, 125 T.C. at 278.  In addition, petitioner failed to persuasively demonstrate the portion of the Dahlia residence that the dining room represents.  Accordingly, because petitioner has failed to

establish that he satisfies the requirements of section 280A(c)(1), the deduction for legal and professional services is not allowable, and respondent's determination on this issue is therefore sustained.

III. Schedule C Other Income

Petitioner contends that he erroneously reported other income of $62,911 on his Schedule C. "Statements made on a tax return signed by the taxpayer have long been considered admissions, and such admissions are binding on the taxpayer, absent cogent evidence indicating they are wrong." Pratt v. Commissioner, T.C. Memo. 2002-279, slip op. at 13 (citing Waring v. Commissioner, 412 F.2d 800, 801 (3d Cir. 1969), aff'g T.C. Memo. 1968-126; Lare v. Commissioner, 62 T.C. 739, 750 (1974), aff'd without published opinion, 521 F.2d 1399 (3d Cir. 1975); and Rankin v. Commissioner, T.C. Memo. 1996-350, aff'd, 138 F.3d 1286 (9th Cir. 1998)).

Petitioner self-prepared and signed his original return under penalties of perjury. Relying on Capital One bank account statements, petitioner now claims that he did not receive other income of $62,911 and that the overstatement was due to a "data entry error" he made when preparing his original return.

First, we note that the bank statements in the record are incomplete. Moreover, we think that petitioner would have noticed such a substantial data

entry error given its significant effect on his self-employment tax and the tax imposed by section 1. As previously indicated, petitioner's Schedule C net profit of $62,035 constituted 70% of the total income reported on his Form 1040. Furthermore, petitioner's self-employment tax of $7,619, which was based on his Schedule C net profit of $62,035, constituted nearly 40% of the total tax that he reported on his Form 1040. Disregarding petitioner's self-serving and uncorroborated testimony on the point, see Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992), the Court is not persuaded that petitioner erroneously included $62,911 of other income on his Schedule C.

## IV.  Accuracy-Related Penalty

As relevant herein, section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations or to a substantial understatement of income tax. See sec. 6662(c) (regarding negligence) and (d) (regarding substantial understatement of income tax).

An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). By definition an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A).

With respect to a taxpayer's liability for the penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to produce sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner satisfies the burden of production, the taxpayer must produce persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, 116 T.C. at 447.

The Commissioner may satisfy his burden of production for the accuracy-related penalty based on a substantial understatement of income tax by showing that the understatement on the taxpayer's return satisfies the definition of "substantial". See Graves v. Commissioner, T.C. Memo. 2004-140, aff'd, 220 F. App'x 601 (9th Cir. 2007); Janis v. Commissioner, T.C. Memo. 2004-117, aff'd, 461 F.3d 1080 (9th Cir. 2006), and aff'd, 469 F.3d 256 (2d Cir. 2006). Here, respondent has satisfied his burden of production because the record shows that petitioner substantially understated his income tax by an amount that exceeds the greater of 10% of the tax required to be shown on the return or $5,000.[5] See sec.

---

[5] Respondent's concession that petitioner did not underreport gross receipts by $1,793 on his Schedule C will not serve to decrease the understatement of tax
(continued...)

6662(d)(1)(A); <u>Higbee v. Commissioner</u>, 116 T.C. at 447-449.  In any event, petitioner's concessions regarding (1) his failure to report unemployment benefits of $19,388 and (2) the nondeductibility of miscellaneous itemized deductions of $15,218, as well as the Court's holding sustaining the disallowance of the deduction for legal and professional services, are all emblematic of negligence. <u>See</u> sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The decision whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor in so deciding is the extent of the taxpayer's effort to assess the proper tax liability.  <u>Id.</u>

Petitioner did not introduce any persuasive evidence that he was entitled to the claimed deduction for legal and professional services.  Furthermore, petitioner failed to explain (1) why he omitted from income all of his unemployment

---

[5](...continued)
below the threshold amount of the greater of $5,000 or 10% of the tax required to be shown on the return.

compensation and (2) the basis for the Schedule A deduction for miscellaneous "other expenses", which he conceded.  See supra note 2.  Accordingly, the Court sustains respondent's determination that petitioner is liable for the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.